[743 NYS2d 161]

In the Matter of WILLIAM SIMMS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 3, 2002

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Benjamin Brotman & Maltz, LLP,* New York City (*Howard Benjamin* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing five

charges of professional misconduct. In his amended answer, he denied sufficient knowledge or information to form an opinion as to the truth of many of the factual allegations contained in Charge Two. He admitted in part and denied in part the remaining factual allegations. After a hearing, the Special Referee sustained all five charges. The petitioner now moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the report insofar as it sustains Charges Three and Four and to limit the sanction to a public censure.

Charge One alleged that the respondent engaged in a pattern of conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), by failing to satisfy several judgments against him.

In August 1996 the respondent's client Carmie Joseph obtained a judgment against him in the amount of $1,005.84 from the Civil Court, Kings County. The respondent failed to satisfy the judgment.

In September 1997 the respondent's client Wendy Logan-Jones obtained a judgment against him in the amount of $510 from the Civil Court, Kings County. The respondent failed to satisfy the judgment.

In February 1999 CE Reporting Agency obtained a judgment against the respondent in the amount of $1,353.28 from the Civil Court, Kings County. The respondent failed to satisfy the judgment.

In June 1999 the respondent's client Nolan Gamble obtained a judgment against him in the amount of $885 from the Civil Court, Queens County. The respondent failed to satisfy the judgment.

Charge Two alleged that the respondent engaged in a pattern of conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), by failing to cooperate with several investigations into allegations of his professional misconduct.

On September 3, 1998, the petitioner sent the respondent a letter informing him that a complaint against him had been received from Joseph A. Faraldo, Esq., and that an investigation was being commenced. The letter included a copy of the complaint and a request for a written answer thereto within 10 days. The respondent neither answered the Faraldo complaint nor requested an extension of time to do so.

On October 20, 1998, the petitioner sent the respondent a letter informing him that a complaint against him had been received from Gladys Scott Knight and that an investigation was being commenced. The letter included a copy of the complaint and a request for a written answer thereto within 10 days. The respondent neither answered the Knight complaint nor requested an extension of time to do so.

On December 22, 1998, the petitioner sent the respondent a letter informing him that a complaint against him had been received from Alicia Karolewski and that an investigation was being commenced. The letter included a copy of the complaint and a request for a written answer thereto within 10 days. The respondent neither answered the Karolewski complaint nor requested an extension of time to do so.

On November 4, 1998, the Grievance Committee sent the respondent two additional letters noting his failure to provide answers to the Faraldo and Knight complaints. On February 2, 1999, the petitioner sent the respondent another letter noting his failure to provide an answer to the Karolewski complaint. All three letters were sent by certified mail, return receipt requested, and by regular mail. They included requests that the respondent submit written answers to the complaints within 10 days and warned the respondent that his continued failure to cooperate could result in an application for his immediate suspension from the practice of law.

On February 1, 1999, counsel for the petitioner left a message on the answering machine in the respondent's office. The respondent failed to return counsel's telephone call. On February 4, 1999, counsel for the petitioner left another message on the answering machine in the respondent's office. The respondent again failed to return counsel's telephone call. On February 5, 1999, counsel for the petitioner telephoned the respondent's office and was told by his secretary that the respondent was on trial in Albany. The respondent was given until February 12, 1999, to return the call. He failed to do so.

On May 10, 1999, the petitioner's investigator hand-delivered to the respondent a letter directing him to submit written answers to the Knight, Karolewski, and Faraldo complaints by May 14, 1999, and advising him that his failure to comply would result in an application for his immediate suspension from the practice of law. The respondent failed to submit the requested answers. On May 10, 1999, the petitioner's investigator hand-delivered another letter to the respondent asking him to contact the petitioner to schedule an investigative appearance. The respondent failed to contact the Committee.

Charge Four alleged that the respondent failed to refund an unearned legal fee, in violation of Code of Professional Responsibility DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On April 30, 1997, Nolan Gamble retained the respondent in connection with a child support matter. He paid the respondent $975, which represented the respondent's entire legal fee. A court date was scheduled for May 1, 1997. The respondent failed to appear on that date, but submitted an affirmation of engagement, and the matter was adjourned until July 8, 1997. The respondent failed to appear in court on July 8, 1997, and did not submit an affirmation of engagement. The matter was adjourned until October 6, 1997. On that date, the respondent again failed to appear, submitting an affirmation of engagement. The matter was resolved on October 6, 1997, by Mr. Gamble appearing pro se. The respondent failed to reimburse Mr. Gamble any portion of his retainer.

Charge Five alleged that the respondent failed to refund an unearned legal fee, in violation of Code of Professional Responsibility DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In December 1996 Wendy Logan-Jones retained the respondent in connection with a legal separation. She paid the respondent $500, which represented his entire legal fee. Shortly thereafter, Ms. Logan-Jones informed the respondent that she did not wish to proceed with the separation. The respondent, who had not yet rendered any substantial legal services on behalf of Ms. Logan-Jones, failed to refund any portion of the retainer.

Based on the evidence adduced at the hearing, all of the charges, except Charge Three, were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he has struggled to establish a solo practice, that he overcame impediments and managed to maintain his office, and that he has satisfied all of the outstanding judgments against him. He professes that he has an excellent reputation for honesty, integrity, and good character. He contends that the sanction imposed should be limited to a public censure.

The respondent's prior disciplinary history consists of two admonitions for neglecting a legal matter entrusted to him and for failing to promptly pay or deliver to a third person funds in his possession that the third person was entitled to receive.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SMITH, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted insofar as Charges One, Two, Four, and Five are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is granted insofar as Charge Three is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, William Simms, is suspended from the practice of law for a period of two years, commencing July 3, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William Simms, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.